United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>EUGENE LATRELL MCNEELY,<br>Defendant. | Case No. 4:17-cr-00204-JD-1<br><br>**PRETRIAL ORDER** |

A jury trial is set to begin on July 15, 2019, at 9:00 a.m. A final pretrial conference is set for July 8, 2019, at **2:00 p.m.**

**I. TRIAL SCHEDULE**

1. Trial days are Monday through Thursday from 9:00 a.m. to 2:00 p.m. with two 15-minute breaks each day. The Court reserves Fridays for other matters.

**II. MINI-OPENINGS, VOIR DIRE & JURY SELECTION**

1. The parties have agreed to do "mini-opening" statements for the jury pool before voir dire begins, and should exchange their proposed statements reasonably in advance of July 15, 2019. The mini-openings should be short (no more than 3 minutes) and not argumentative. The parties need not file the statements if they have no concerns about each other's drafts.

2. Jury selection will be done as the Court described at the conference. The Court will seat fourteen jurors using the "strike and replace" method. A prospective juror not excused after a round of challenges will be deemed a member of the jury and may not be challenged subsequently. The Court will conduct the voir dire based on its own questions and the questions proposed by the parties. The Court posted the proposed voir dire questions on June 7, 2019. Dkt. No. 122. Neither party raised

1. an objection or concern at the conference, and so the questions will be asked as stated.
3. The parties must be prepared to give their opening statements and begin presenting witnesses on July 15, 2019.

### III. OTHER TRIAL PROCEDURES

1. **Sidebars**. There will be no sidebars during trial. Any issues can be addressed before or after the jury is present.
2. **Objections**. Counsel must stand to make an objection and should simply state the rule that is the basis of the objection. No arguments or elaborations should be made unless called for by the Court.
3. **Having witnesses ready**. Each party must have its witnesses for the trial day available in the courthouse and ready to testify. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually constitute resting.
4. **Disclosure of witnesses**. A party must disclose the identity of the witnesses it plans to call by 5 p.m. the court day before calling the witness to the stand. Any party that has an objection must alert the Court no later than 6 a.m. on the court day the witness is to be called, and the Court will take up the objection outside the presence of the jury.
5. **Exchange of opening demonstratives**. The parties will meet and confer to agree on a schedule to exchange any demonstratives for opening statements.
6. **Tech set-up**. The parties should contact Courtroom Deputy Lisa Clark to schedule an equipment check for courtroom technology.

### IV. MOTIONS IN LIMINE

1. **Government's MIL No. 1 re Evidence Under 412**: **GRANTED**. Defendant will not be permitted to offer evidence that alleged victims engaged in other sexual behavior. Fed. R. Evid. 412.
2. **Government's MIL No. 2 re Defendant's Out-of-Court Statements**: **GRANTED**. The government may introduce defendant's prior statements as party admissions; the defendant may not do the same. Fed. R. Evid. 801(d)(2)(A).

3. **Government's MIL No. 3 re References to Punishment or Nullification**: **GRANTED**. No references are allowed to sentencing, punishments, or jury nullification. The parties may refer to the solemnity or seriousness of jury service. Fed. R. Evid. 402, 403.

4. **Government's MIL No. 4 re Admission of Plea Agreement**: **DENIED**. The Court will issue a separate order.

5. **Government's MIL No. 5 re References to Victims: DENIED.** Referring to H.S. and A.S. as victims would be of minimal or no relevance, and unduly prejudicial. For similar reasons, their sexual conduct or history cannot be mentioned or referred to in any way. Fed. R. Evid. 402, 403 and 412. The parties will meet and confer to develop a protocol to protect the privacy of H.S. with respect to the use of any portion of her full name. *See* 18 U.S.C. § 3509.

6. **Government's MIL No. 6 re Defendant's Previous Conviction under 609**: **DEFERRED** pending trial.

7. **Government's MIL No. 7 re Ninth Circuit Model Jury Instruction**: **GRANTED** for the reasons discussed in the jury instruction portion of the conference. In summary, the statute establishes "reckless disregard" as a criminal mens rea. 18 U.S.C. § 1591.

8. **Defendant's MIL No. 1 re Defendant's Other Bad Acts Under 404(b)**: **GRANTED IN PART**. The government may not proffer or show photographs and/or videos of the defendant with large stacks of cash and scantily clad women. The government must disclose to defendant at least one full trial day in advance any of the statements by defendant it plans to introduce. Objections must by filed by 6 a.m. on the court day the evidence is to be introduced, and the Court will take them up before the jury is brought in. The government should pre-clear its opening with defendant in this regard. Fed. R. Evid. 404(b).

9. **Defendant's MIL No. 2 re Admission of Plea Agreement**: **GRANTED**. A separate order to be issued. See above government MIL no. 4.

3

10. **Defendant's MIL No. 3 re Defendant's Jail Calls and Letters**: **DENIED**. Parties will meet and confer to work out a stipulation for these materials. Evidence produced to the defendant after July 1, 2019, will not be admitted. Fed. R. Crim. P. 16.

11. **Defendant's MIL No. 4 re Defendant's Previous Conviction under 609**: **DEFERRED** pending trial. See above government's MIL no. 6.

12. **Defendant's MIL No. 5 re Theory of Liability Under 18 U.S.C. § 1591**: **DENIED**. Manipulation of heroin supply and addiction may be presented as use of force. *See United States v. Mack*, 808 F.3d 1074, 1081 (6th Cir. 2015).

13. **Defendant's MIL No. 6 re Excluding and/or Limiting Government Witness Testimony**: **DENIED**. The Court reviewed the witness's qualifications and finds that he may be presented as a potential expert, subject to a motion made during trial. The parties agree Special Agent Hardie's testimony will, as discussed on the record, refrain from particular characterizations of pimps. Fed. R. Evid. 702.

14. **Defendant's MIL No. 7 re References to Victims**: **GRANTED**. See government's MIL no. 5.

## V. JURY INSTRUCTIONS AND VERDICT FORM

1. **Jury Instructions**. The Court will instruct the jury on Counts Two, Three, and Four using the Ninth Circuit Model Instructions, as modified to conform to the superseding indictment. The proposed instruction on Testimony of Witnesses Involving Special Circumstances may be given depending on the evidence at trial. For the reasons given for granting government's MIL no. 7 above, and as discussed at the pretrial conference, defendant's objections to The Charge -- Presumption of Innocence and the Sex Trafficking of Children or by Force, Fraud or Coercion instructions are overruled. The government's request for an instruction on Deliberate Ignorance is granted. There are no other objections to the proposed preliminary or final jury instructions. Dkt. Nos. 125, 126.

2. **Verdict form**.  The Court will post the proposed verdict form by July 8, 2019, and the parties may raise any objections or concerns on July 15, 2019.

**IT IS SO ORDERED.**

Dated: June 14, 2019

JAMES DONATO
United States District Judge

5