UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EUGENE LATRELL MCNEELY,<br><br>Defendant. | Case No. 4:17-cr-00204-JD-1<br><br>**SUPPLEMENTAL ORDER RE RECKLESS DISREGARD**<br><br>Re: Dkt. Nos. 107, 113 |

Defendant Eugene Latrell McNeely is charged with, among other offenses, sex trafficking of a minor and sex trafficking by force, fraud or coercion, in violation of 18 U.S.C. § 1591. Dkt. No. 70. The government asked the Court to use Ninth Circuit Model Criminal Jury Instruction No. 8.134A, including its provision for reckless disregard as an alternative mens rea to knowledge. Dkt. No. 107 at 21. Defendant opposed the request. Dkt. No. 109 at 15. The parties carried the dispute over to the jury instructions, where they again disagreed about the use of a reckless disregard standard. Dkt. No. 113 at 6-7, 52. Defendant renewed his objection at the pretrial conference. Dkt. No. 127 at 4. The Court determined that the instructions describing the elements of Section 1591 should include the reckless disregard language, as requested. *Id.* at 3-4. This supplemental order provides additional guidance to the parties on the issue.

Section 1591(a) defines the conduct that constitutes criminal sex trafficking. As the pertinent subsection provides:

> Whoever knowingly in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person . . . <u>knowing, or, except where the act constituting the violation . . . is advertising, in reckless disregard of the fact</u>, that means of force, threats of force, fraud, coercion . . . , or any combination of such means will be used to cause the person to

> engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a)(1) (emphasis added).

In effect, the parties dispute how to construe the treatment of advertising in the statute. Defendant is not charged in connection with advertising, *see* Dkt. No. 70 (superseding indictment), and so the government says that defendant can be convicted on proof of either knowledge or reckless disregard with respect to the charges against him. Dkt. No. 107 at 21. Defendant contends that "the 'reckless disregard' standard applies only to advertising" and so cannot be used in this case. Dkt. No. 109 at 15.

As the government tactfully put it, the comments to the relevant instruction "offer some conflicting guidance." Dkt. No. 107 at 21. The comments acknowledge the general proposition that either knowledge or reckless disregard can constitute an element of the crime defined by Section 1591. Ninth Circuit Model Criminal Jury Instruction No. 8.134A cmt.; *see also United States v. Mickey*, 897 F.3d 1173, 1176 (9th Cir. 2018) (describing 18 U.S.C. § 1591 as "punish[ing] anyone who" engages in a covered act "knowing or in reckless disregard" of the effect of his actions). But the comments also specifically state that "[t]he 'reckless disregard' standard applies only to advertising." Ninth Circuit Model Criminal Jury Instruction No. 8.134A cmt.

A plain reading of the statute shows that the opposite is true. The phrase "knowing, or, except where" manifests Congress's intent to establish the mens rea for Section 1591 as knowledge or reckless disregard in all cases other than those involving advertising, where knowledge alone is the requisite mental state. This interpretation fits not only the statute's plain words but also common sense. It is hard to comprehend what advertising with reckless disregard would be.

Consequently, the Court found that Section 1591(a) allows knowledge or reckless disregard to be a proper mens rea for liability under all the charges here. Other courts have reached the same conclusion. *See, e.g.*, *Backpage.com, LLC v. Lynch*, 216 F. Supp. 3d 96, 109 (D.D.C. 2016) ("[T]he insertion of the phrase, 'except where the act constituting the violation of

paragraph (1) is advertising' after the word 'or,' indicates Congress' intent to exclude the act of 'advertising' from the mens rea standard of reckless disregard.").

**IT IS SO ORDERED.**

Dated: June 24, 2019

JAMES DONATO
United States District Judge