UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EUGENE LATRELL MCNEELY,<br><br>Defendant. | Case No. 17-cr-00204-JD-1<br><br>**ORDER RE SENTENCE REDUCTION** |

The request to reduce defendant Eugene McNeely's 168-month sentence pursuant to 18 U.S.C. § 3582(c)(2), Dkt. No. 211, is denied.

To start, the Court accepts the 2-point reduction in defendant's "status points" under the United States Sentencing Commission's Amendment 821, which applies retroactively. *See* Dkt. No. 211. Defendant's recalculated criminal history category is consequently III and not IV, and his recalculated guidelines range is 151-188 months, rather than 168-210 months. *See id.* at 3; *see also* Dkt. No. 215 at 2 (Probation Office confirming same); Dkt. No. 214 at 5 (government's agreement that application of Amendment 821 results in McNeely's criminal history category changing from IV to III, with a "revised or updated Guideline Range of 151-188").

Even so, a reduction of the sentence is not warranted. Eligibility alone to request a reduction under 18 U.S.C. § 3582(c)(2) does not answer the question. The Court must also "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction [that is] authorized . . . is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010); *see also* U.S.S.G. § 1B1.10, Application Note 1(B) ("Consistent with 18 U.S.C. § 3582(c)(2), the court shall

consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction").

Section 3553(a) directs the Court to consider factors including "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

These factors amply support the re-confirmation of the 168-month sentence the Court imposed originally. This term falls squarely within the recalculated guidelines range of 151-188 months, and remains appropriate for all of the reasons the Court stated in detail at the sentencing hearing, which are incorporated here. In summary, the Court gave substantial attention to the heinous nature of McNeeley's conduct, as demonstrated by the facts in the sentencing record. As the Ninth Circuit stated in affirming the Court's sentence, the 168-month sentence was "substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances," and "the undisputed portions of the record amply supported the [C]ourt's conclusion that McNeely's offense involved an 'exceptional degree of manipulation and cruelty.'" Dkt. No. 194 at 2-3.

This conclusion, along with the Court's other conclusions at sentencing, hold true. Consequently, a sentence reduction is not warranted by the particular circumstances of this case. McNeely's request is denied.

**IT IS SO ORDERED.**

Dated: October 9, 2025

JAMES DONATO
United States District Judge